| | |
|---|---|
| H.C. BROWN, JR.,<br>  Plaintiff, | |
| v. | Case No. 3:24-cv-01228 |
| JASON CLENDENION, et al.,<br>  Defendants. | Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

To:   The Honorable Eli J. Richardson, District Judge

## **REPORT AND RECOMMENDATION**

*Pro se* Plaintiff, H.C. Brown, Jr., filed his civil rights action under 42 U.S.C. § 1983 against Defendants, F/N/U Burnette, Jonathan Torres, Cpl. (F/N/U) Maj, Julien Smith, Domingo Castillo, and Michael Keys (Doc. No. 1). On April 6, 2026, the Court granted Brown's application to proceed *in forma pauperis*, screened his complaint for a colorable deprivation of procedural due process claim, and referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B) (Doc. No. 5). The Court also directed the Clerk of Court to send Brown a service packet—consisting of a blank summons (AO 440) and USM 285 form—and ordered him to return the service packet within 30 days (*Id.*). Because Brown has not returned a completed service packet or taken any other action to move this litigation forward since filing his complaint on October 15, 2024, the Court ordered Brown to show cause before June 12, 2026 why this case should not be dismissed for failure to prosecute (Doc. No. 6). To date, Brown has not responded to the Show Cause Order or taken any other action to move this litigation forward.

Rule 41(b) allows for dismissal of a case for failure to prosecute, and "it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of*

*Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) (unpublished opinion) (citation omitted). Whether the Court should dismiss this case for failure to prosecute depends on "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted). Not every factor needs to be present, *see Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008), and a clear record of delay can support dismissal. *See Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citations omitted). Rule 41(b) operates in tandem with the Court's inherent power to manage its caseload and to dismiss a case for failure to prosecute as part of its caseload management. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citations omitted).

Here, the *Knoll* factors concerning prejudice and sanctions are not applicable given the posture of the case, but the docket shows a clear record of delay that supports dismissal. That is, because Brown has failed to (i) serve any of the Defendants since this action was filed, (ii) comply with the April 6, 2026 Order (Doc. No. 5), (iii) respond to the Show Cause Order (Doc. No. 6), or (iv) moved the case forward in roughly two years, dismissal for failure to prosecute is an appropriate remedy.

<u>**RECOMMENDATION**</u>

For the foregoing reasons, the Court respectfully recommends dismissing this case under Rule 41(b) for failure to prosecute.

Any party has 14 days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within 14 days of receipt of this

Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within 14 days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 26th day of June, 2026.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge