H.C. BROWN, JR.,          )
                         )
   Plaintiff,           )
                         )       NO. 3:24-cv-01228
v.                    )
                         )       JUDGE RICHARDSON
JASON CLENDENION, et al.,   )
                         )
   Defendants.         )
                         )

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 7, "R&R") of the Magistrate Judge, which "recommends dismissing this case under Rule 41(b) for failure to prosecute." (*Id.* at 2). No objections to the R&R have been filed and the time for filing objections has now expired.[2]

Absent any objection to the background and relevant facts (regarding the underlying circumstances and procedural history of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that background and those relevant facts in their entirety and includes it here for reference:

> *Pro se* Plaintiff, H.C. Brown, Jr., filed his civil rights action under 42 U.S.C. § 1983 against Defendants, F/N/U Burnette, Jonathan Torres, Cpl. (F/N/U) Maj, Julien Smith, Domingo Castillo, and Michael Keys (Doc. No. 1). On April 6, 2026, the Court granted Brown's application to proceed *in forma pauperis*, screened his

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on June 29, 2026, and as of July 20, 2026, Plaintiff has not filed any objections.

complaint for a colorable deprivation of procedural due process claim, and referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B) (Doc. No. 5). The Court also directed the Clerk of Court to send Brown a service packet—consisting of a blank summons (AO 440) and USM 285 form—and ordered him to return the service packet within 30 days (*Id.*). Because Brown has not returned a completed service packet or taken any other action to move this litigation forward since filing his complaint on October 15, 2024, the Court ordered Brown to show cause before June 12, 2026 why this case should not be dismissed for failure to prosecute (Doc. No. 6). To date, Brown has not responded to the Show Cause Order or taken any other action to move this litigation forward.

(Doc. No. 7 at 1). The Magistrate Judge concluded that the case should be dismissed under Rule 41(b) for failure to prosecute. (*Id.* at 2).

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district

judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 7) is adopted and approved. Accordingly, the case is dismissed under Rule 41(b) for failure to prosecute. The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE